Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

_____ Division

| | | |
|---|---|---|
| Marc Libault | ) | Case No. 4:22CV3096 |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)* ☐ Yes ☐ No |
| -v- | ) ) | |
| Martha Mamo, Ravneet Kaur, Asha Mane, the Institute of Agricuture and Natural Ressources at the University of Nebraska-Lincoln | ) ) ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | |

*(filing stamp: 2022 MAY 23 PM 2:00 — U.S. DISTRICT COURT, DISTRICT OF NEBRASKA, FILED)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Marc Libault |
| Street Address | 9411 Hollow Tree Drive |
| City and County | Lincoln, Lancaster county |
| State and Zip Code | Nebraska, 68512 |
| Telephone Number | 405-693-5891 |
| E-mail Address | marc.libault1@gmail.com |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Martha Mamo |
| Job or Title *(if known)* | Professor, Chair of the Departmet of Agronomy and Horticulture |
| Street Address | 202 Keim Hall |
| City and County | Lincoln, Lancaster county |
| State and Zip Code | Nebraska, 68583-0915 |
| Telephone Number | |
| E-mail Address *(if known)* | mmamo3@unl.edu |

Defendant No. 2

| | |
|---|---|
| Name | Ravneet Kaur |
| Job or Title *(if known)* | Graduate student, Department of Entomology, UNL |
| Street Address | Entomology Hall, 103, 1700 E Campus Mall |
| City and County | Lincoln, Lancaster county |
| State and Zip Code | Nebraska, 68583 |
| Telephone Number | |
| E-mail Address *(if known)* | rkaur8@huskers.unl.edu |

Defendant No. 3

| | |
|---|---|
| Name | Asha Mane |
| Job or Title *(if known)* | Graduate student, Department of Plant Pathology, UNL |
| Street Address | 406 Plant Sciences Hall |
| City and County | Lincoln, Lancaster county |
| State and Zip Code | Nebraska, 68583-0722 |
| Telephone Number | |
| E-mail Address *(if known)* | asha.mane@huskers.unl.edu |

Defendant No. 4

| | |
|---|---|
| Name | the Institute of Agricuture and Natural Ressources at UNL |
| Job or Title *(if known)* | |
| Street Address | 3550 E. Campus Loop |
| City and County | Lincoln, Lancaster County |
| State and Zip Code | 68583-0708 |
| Telephone Number | (402) 472-2871 |
| E-mail Address *(if known)* | ianr@unl.edu |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Marc Libault |
| Street Address | 1901 Vine St |
| City and County | Lincoln, Lancaster |
| State and Zip Code | Nebraska, 68503 |
| Telephone Number | (405) 693-5891 |

### II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

Title VI and Title IX of the Civil Rights Act of 1964, as codified,42 U.S.C. 2000d et seq.

☑ Relevant state law *(specify, if known)*:

Nebraska State Constitution Article I-30

☐ Relevant city or county law *(specify, if known)*:

### III.　Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.　The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☐ Termination of my employment.

☐ Failure to promote me.

☐ Failure to accommodate my disability.

☑ Unequal terms and conditions of my employment.

☑ Retaliation.

☐ Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.　It is my best recollection that the alleged discriminatory acts occurred on date(s)

November 18 and 21, 2019; December 4, 6 and 11, 2019; April, 20, 2020; May 28, 2020; June 11, 2020

C.　I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.

☑ is/are not still committing these acts against me.

D.　Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race _____

☐ color _____

☑ gender/sex　　See attached document

☐ religion

☑ national origin　　See attached document

☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

☐ disability or perceived disability *(specify disability)*

E.　The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See attached document.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
November 6, 2020

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☑  issued a Notice of Right to Sue letter, which I received on *(date)*    02/23/2022    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐  60 days or more have elapsed.

☐  less than 60 days have elapsed.

## V.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Damages: 1- Undue process implemented by Dr. Mamo. My liberty interests were at stake (i.e., reputation, honor, or integrity). I repetitively raised this problem to UNL. UNL never responded to this problem. This wrong is continuing (see my 2022 yearly evaluation). 2- Mishandling of the Title IX of the Civil Rights Act of 1964: UNL must promptly respond to reports of sexual harassment. Dr. Mamo, responsible employee, and UNL failed implementing Title IX policies. 3- UNL cultivates and encourages an hostile and harassing work environment. While aware of my grievance for undue process and retaliation against Dr. Mamo, UNL protected Dr. Mamo and recently extended her position as my supervisor. UNL is aware of written statements demonstrating the bias of Ms. Kaur based on my gender and national origin. UNL told me that she was protected. Relief: Reimbursement of

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          05/23/2022

Signature of Plaintiff

Printed Name of Plaintiff    Marc Libault

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



**INSTITUTE OF AGRICULTURE AND NATURAL RESOURCES**
DEPARTMENT OF AGRONOMY AND HORTICULTURE

May 23rd, 2022,

Dear members of the United States District Court for the District of Nebraska,

I am an Associate Professor in the Department of Agronomy and Horticulture at the University of Nebraska-Lincoln (UNL).

Starting in August 2019, I have been the target of intentional discrimination and retaliation by two graduate students, Ms. Asha Mane and Ms. Ravneet Kaur, and Dr. Martha Mamo, Chair of the Department of Agronomy and Horticulture and my direct supervisor. IANR had a double standard when handling this case.

On August 20 and November 18, 2019, Dr. Mamo met with me and repetitively implemented undue processes to facilitate the removal of these two students from my laboratory with the financial support of the Department of Agronomy and Horticulture. Dr. Mamo notably prevented me from accessing the students' accusations, confronting my accusers, and interviewing my witnesses. On November 18, 2019, she threatened me with a 10-page report full of accusations that she refused to share. To date, only grossly falsified versions of this document were shared. I have reported these issues several times to the UNL upper administration starting on November 21, 2019. Raising these concerns, I considered myself a whistleblower.

One month later, in December 2019, I was accused of sexual harassment by Ms. Kaur with the support of Ms. Mane and Dr. Mamo. I have collected many circumstantial pieces of evidence supporting the fabrication of the Title IX complaint. This includes 1) the exchange of information between Dr. Mamo and Ms. Kaur to develop this complaint; 2) Dr. Mamo's *non-compliance* with *Title IX* (i.e., Dr. Mamo was a Title IX responsible employee at the time of the facts and decided to not report Ms. Kaur's accusation for one month for some obscure reasons and to start her investigation); 3) Dr. Mamo's intentional lies to UNL during the Title IX investigation to hide her collusion with Ms. Kaur and her unprofessional behavior; and 4) the sharing of falsified documents by Ms. Kaur with UNL.

In April 2020, upon being cleared by UNL regarding the Title IX accusations, the UNL upper administration concluded that I was the target of untrustworthy behavior and unfairness and that I fell into a trap. However, UNL did not implement any action against the students and Dr. Mamo. UNL mentioned to me that they were protected by their status as Title IX complainants.

In May 2020, Dr. Mamo decided to retaliate against me by developing a corrective action that was the opposite of the conclusions shared during the April 2020 meeting. As a consequence, she included a written notice in my dossier that is not supported by a single fact.

202 Keim Hall / P.O. Box 830915 / Lincoln, NE 68583-0915
(402) 472-2811 / FAX (402) 472-7904 / E-mail: AgroHort@unl.edu / Websites: http://agronomy.unl.edu/ and http://hort.unl.edu/

In response, I developed a grievance letter against Dr. Mamo and the two students and submitted it to three different UNL offices during Summer 2020. These offices ignored or refused to respond to the issues that I raised (i.e., undue process and no respect of faculty rights, academic and professional misconduct notably regarding Title IX law, sharing of false information to an official UNL office, harassment and retaliation), and just asked me to work with Dr. Mamo.

In November 2020, I contacted by myself NEOC/EEOC. In December 2021 and February 2022, I received the finding letters from NEOC and EEOC. They were not able to conclude about occurrences of discrimination and sent me a right to sue letter.

I am now contacting you to review pieces of evidence demonstrating the occurrences of Title IX violations, falsification of documents/testimonies, undue process, harassment/discrimination, defamation, coercion, and retaliation. Overall, this situation affected my work, created emotional distress, delayed promotion, and created prejudice in terms of reputation in and outside the University. To my knowledge, Dr. Mamo and UNL had similar behavior with at least another member of my department. Since the beginning of this case, I have collected many pieces of written and audio information that demonstrate the undue process, harassment, retaliation, etc. Taken together, UNL generates and cultivates a very hostile work environment.

Since August 2019, I never stopped raising these issues. The repetitive lack of investigation and review of the pieces of evidence led to this problematic situation. I will be happy to meet with you to give more details and share pieces of evidence.

Sincerely,

Marc Libault