IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARC LIBAULT,<br><br>               Plaintiff,<br><br>vs.<br><br>MARTHA MAMO, Dr., Individually and in Their Official Capacities; RAVNEET KAUR, Ms., Individually and in Their Official Capacities; ASHA MANE, Ms., Individually and in Their Official Capacities; INSTITUTE OF AGRICULTURE AND NATURAL RESOURCES AT THE UNIVERSITY OF NEBRASKA-LINCOLN, THE BOARD OF REGENTS AT THE UNIVERSITY OF NEBRASKA, and THE OFFICE FOR INSTITUTIONAL EQUITY AND COMPLIANCE AT THE UNIVERSITY OF NEBRASKA-LINCOLN,<br><br>               Defendants. | 4:22CV3096<br><br>ORDER STRIKING SUR-REPLY BRIEFS |

       This case is before the Court on Defendants' February 1, 2023, Motion to Strike, Filing 38, and the *pro se* Plaintiff's February 1, 2023, Motion for Leave to File [Sur-reply] Brief in Support of the Plaintiff's Opposition to the Defendants' Motion to Dismiss, Filing 39. The first Motion is granted, but the second Motion is denied.

       Defendants filed their Motion to Dismiss on December 14, 2023. Filing 30. Plaintiff filed his Opposition on December 28, 2023. Filing 32. Defendants then filed their Reply Brief on January 17, 2023, pursuant to an extension granted by the Court. Filing 36; Filing 35. On January 31, 2023, without leave of the Court, Plaintiff filed another document denominated Plaintiff's Reply Brief in Opposition to Defendants' Motion to Dismiss. Filing 37. On February 1, 2023, Defendants filed the Motion to Strike now before the Court asserting that Plaintiff's January 31,

2023, was a sur-reply that is improper because it was not authorized by the Federal Rule of Civil Procedure or the Court's local rules. Filing 38 at 1–2. On February 1, 2023, Plaintiff belatedly filed a Motion for Leave to File [Sur-reply] Brief in Support of the Plaintiff's Opposition to the Defendants' Motion to Dismiss, Filing 39, which is also now before the Court, and refiled his sur-reply brief, Filing 40, without awaiting leave of the Court.

A motion to strike ordinarily pertains to "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" in a "pleading." Fed. R. Civ. P. 12(f). A brief, however denominated, is not a "pleading." See Fed. R. Civ. P. 7(a). Nevertheless, courts often exercise their authority to strike improper or untimely briefs and otherwise to enforce their local rules. See, e.g., Davis v. Simon Contractors, Inc., No. 8:19-CV-246, 2022 WL 1073996, at *1 (D. Neb. Apr. 8, 2022). Furthermore, "[e]ven pro se litigants must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). Thus, the Court will consider Defendants' Motion to Strike relating to Plaintiff's allegedly improper sur-reply brief.

There is no provision in either the Federal Rules of Civil Procedure or the Court's local rules expressly authorizing the filing of a sur-reply. NECivR 7.1(c) may permit the filing of a sur-reply but only with leave of the court. Whether to allow a sur-reply is a matter in the court's discretion. See Postawko v. Missouri Dep't of Corr., 910 F.3d 1030, 1037 n.3 (8th Cir. 2018). Plaintiff asserts that his sur-reply is necessary "to correct misinterpretation of the law by Defendants, and to demonstrate the pretextual nature of the Defendants' reasons to mask discrimination and adverse employment actions," adding that [t]hese misinterpretations and pretexts were numerous in the REPLY BRIEF in support of Defendant's [sic] Motion to Dismiss." Filing 38 at 2 (emphasis in the original). The Court concludes that there is no reasonable need to depart from the general prohibition on sur-reply briefs in this case, where the applicable rules have

already provided Plaintiff with a full and fair opportunity to respond to Defendants' Motion to Dismiss.

Accordingly,

IT IS ORDERED that

1. Defendants' February 1, 2023, Motion to Strike, Filing 38, is granted;

2. Plaintiff's February 1, 2023, Motion for Leave to File [Sur-reply] Brief in Support of the Plaintiff's Opposition to the Defendants' Motion to Dismiss, Filing 39, is denied.

IT IS FURTHER ORDERED that Plaintiff's improperly filed briefs, Filing 37 and Filing 40, are hereby stricken and shall be disregarded in consideration of Defendants' Motion to Dismiss, Filing 30.

Dated this 2nd day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge